Reynolds, J.
The plaintiff invokes the equity jurisprudence of this court, to compel the specific performance of an alleged agreement to execute a lease of certain premises, and to enjoin the defendant from taking summary proceedings to remove him from the premises, as holding over after the expiration of his tenancy.
The testimony is contradictory as to the making of any such agreement as the plaintiff sets up, and the court has found against the plaintiff. The trial judge had the best opportunity of determining the disputed question of fact, and we cannot well interfere with his finding.
This disposes of all ground of equitable relief, and leads to a dismissal of the complaint.
The plaintiff contends, however, that the defendant, by accepting the rent for the month of May, 1886, virtually renewed the lease for another year, and that the plaintiff was entitled to remain on that ground, The court has found that the letting was by the month, but if the plaintiff’s position be conceded, it would have been available as á defense in the summary proceeding, and therefore presents no ground for the interposition of this court. It was argued that the court having once obtained equitable jurisdiction of the case, should retain it for the purpose of deciding all the questions and doing justice between the parties. If this be so, all that a party need do, to transfer his litigation to a court of equity, is to allege grounds of equitable jurisdiction, and upon the trial come in with a purely legal cause of action or defense. It must be the facts and not the allegations which. *882 call upon tbe court to exercise its equity jurisdiction. It is true, that if the facts make out a case for equitable cognizance, the court may retain the case, so that jurisdiction rightfully attaches- for the purpose of giving complete relief, even though some part of such relief might have .been obtained in a court of law. According to the finding in the case, however, the plaintiff never had a case for submission to a court of equity, and as to his alleged legal defense to the action of his landlord, he had his opportunity before the appropriate tribunal.
We think the judgment should be affirmed, with costs of appeal.
CLEMENT, J., concurs.